BRUNOT, J.
 

 This is an action in boundary and for the demolition or removal of a building in so far as the same may be found to encroach upon plaintiff’s property. From an adverse judgment plaintiff appealed.
 

 The judge a quo handed down a lucid, accurate, and able opinion, which we feel cannot be improved upon, and we therefore adopt it as our own:
 

 “The judicial surveyor in this ease has made a return in which he gives the results of his measurements made in accordance with the two plats, D-2, which is the Elms plat, and P-21, which is the Freeman plat. The platted measurements in the two plats coincide substantially, except that D-2 gives the width of block 14 as 153.78, and block 13 as 143.22, while P-21 gives block 13 as 148.22. The total difference between the plats in the distance from the section line westward to the point in controversy is substantially 5 feet and it is this difference which has occasioned the present litigation.
 

 “In a conflict between stated distances and ancient monuments, the latter will usually prevail. Survey stakes and natural objects .referenced thereto, courses as shown by the' field notes, structures shown to have been built with reference to surveys, monuments then standing, and, lastly, distances, are entitled to weight in the order named. That this is a correct rule appears in this case, for the reason that it is clear that there are several errors in the stated distances in both of the plats. Block 15, in which the disputed line lies, is an impossible figure given the angles and dimensions stated. The angles, computed in strict accord with the entire town site, and about which there is no variance between the plats and the engineers who testified, make it impossible mathematically that the dimensions should be as stated in both plats. The same kind of error has evidently occurred in the tier of blocks containing blocks 7 and 8. As to block 8, the court is of the opinion that its total width does not affect this case, because the evidence preponderates that the remains of the stake as the southwest corner of this block constitutes an authentic monument, placed there when the tract was .platted, and measurements and calculations to the west must be corrected upon this point. The actual distance of this point, from the section line, as found by the judicial surveyor, is 710.10 feet, as shown by the Elms plat, 710.16, and by the Freeman plat, 715.58. The Elms measurement is the more authentic, as substantially coinciding with" the judicial survey. Especially is this true when it is considered that Freeman was attempting to conform his plat to sales and occupancies already made under the Elms plat, and that in copying figures it would not be improbable that he might erroneously substitute 8 for 3.
 

 “The evidence establishing the remains of the stake at the southwest corner of block 8 as an authentic monument is, first, its close correspondence with the Elms plat and the judicial survey; second, its nearness to a corner fence post which was first erected soon after the original survey was made; third, the testimony of Conklin that it was pointed out to him as authentic by Mr.- McFarland while it was still well preserved'; fourth, tlie corroborating'testimony of Mr. Columbus. McFarlane; fifth, its position relative to property lines long recognized; and, last, the character and appearance of the rotted stake itself. These concurring»circumstances easily preponderate to the effect that it represents the corner established by Elms and concurred in by Freeman.
 

 “From this point westward to Main street there is another inconsistency between the plats of substantially 10 feet. In this instance Elms gives blocks 7 and 14 a width of 153.78 feet, and Freeman gives them a width of 143.78 feet, the same that Elms gives for blocks 8 and 13. We may surmise, but not know, liow these errors occurred, but an examination of the plats, and the circumstances under which they were made, will assist in arriving at the probabilities. The layman’s'eye discovers at once that the Elms plat was not drawn to scale, or if it was, the measurements were not correctly given on the plat. These figures give block 7 as 10 feet wider than block S,' while the lines show them to be the same width. From Freeman’s plat, the eye at once discovers that 7 is wider than 8, but the figures he gives show 8, 5 feet wider than 7. His figures give 7 the same width that Elms gives 8.
 

 “It appears to the court that these dis-crepancies can be accounted for by assuming that Freeman whs trying, so far as possible, to conform to the Elms plat and to sales and occupancies thereunder; that he had a sketch of the Elms plat, and used it in locating the monuments and in working- the entire town scheme; that he drew his plat to scale, from his notes of survey; and that he afterwards reduced the figures on the Elms plat, from chains to feet and copied the result on his own sketch. In doing this, he would have before him both plats, looking first at one to get the figures in
 
 *613
 
 chains, setting the figures down on another piece of paper, performing there the multiplication necessary, and then writing the product on the other plat. That he was, in fact, attempting to follow the measurements of Elms is shown, in addition to other circumstances, by the dimensions of block 15, where the two plats are identical, although it is impossible that they can be correct. In the case of this block it may well be that Freeman found the original Elms monuments and adopted his measurements without actually making a survey bn the ground. The conclusion is that the distances platted by Elms are the more reliable, and should be adopted, unless it appears that usage and acquiescence have established inconsistent lines, or unless the recordation and use of the Freeman plat renders such a course legally improper. As to the latter question, a recorded plat referred to for description of real estate should, of course, be read into the description as a part of it, but it is subject to the same kind of construction as to errors which governs the remainder of the description. Inconsistencies will be harmonized by eliminating the feature which is of lower rank in evidence and by giving effect to that of higher rank. Thus monuments, courses, and angles will prevail over distances. Block 15 is a case in point. Described by either plat, the description is erroneous. The law of registry will not prevent the effectuating of the recorded plat, subject to the correction of errors. There are no original monuments available west of the Conklin corner. That point, as well as the block corner across Plaquemine street, to the south is station 710.16 under the Elms measurements. The Krielow building is 710.60 according to the judicial survey—a very close correspondence. Across Broadway to the west, the corner of block 14 is 790.02, according to. Elms, and at 785.75, about
 
 5%
 
 feet to the east, the judicial surveyor finds a line in the sidewalk claimed to be the west curb line of Broadway. At 929.70 he finds the west face of the Chapman building, which is 139.08 feet west of the northeast corner, and 14.10 feet from the northwest corner of the block as fixed by the Elms figures. Taking into consideration the strip along the east side of Main street dedicated to the town by the property owners, the correspondence between these points and the Elms figures is very close. .
 

 ‘‘If we take the Conklin stake as authentic, which we have already determined to do, and fixing it at 710.16, we find that there will be a difference between the two plats west of that point of 10 feet instead of approximately 5 feet. And jf we accept the Freeman figures, after correcting them on the Conklin stake, we will find the disputed line between the two properties here to fiegin at point 1,086.48 instead of 1,091.-48 as claimed by the plaintiff. None of the buildings on Main street would be on the property line. Those on the east side would be approximately 5 feet off of the old line, although they were supposed to have been set back 12 feet. The bank building on the west side of the street would be nearly 8 feet off the line. No one, in fact, is claiming that the. line ought to be fixed at this p.oint. The plaintiff relies ppon the Freeman figures without any correction from the section line. That correction being made, the Freeman figures from the correction line westward are so inconsistent with the physical situation that they cannot be applied at all. This is perhaps 'the strongest evidence in the record that blocks 7 and 14 were actually intended by Elms ancj Freeman to be 153.78 feet wide, and that Freeman’s error consisted in incorrectly copying that figure. The testimony referring to the old curb on the east side of Main street is worthy of serious consideration, but it does not outweigh the evidence that has been reviewed." In fact, the„confusion that has existed so many years occasioned by Freeman’s error has probably caused the location of some buildings and other works on one theory and some on another. As a matter of public interest, irrespective of the issues between the parties to this suit, the theory adopted in this -judgment would seem to cause less inconvenience than any other possible theory. It places the line of Main street, particularly the west line, nearer the east front of permanent buildings than any other proposed line.
 

 “The defendant is entitled to 99 feet in depth from Main street, because the plaintiff and his author in title sold that depth out of the block to defendant’s authors.
 

 “It is therefore, ordered, adjudged and decreed that the proces verbal of judicial survey made by H. M. White, civil engineer, and filed herein on January 25, 1921, be homologated, to the extent of fixing the northeast corner lot 2 of block 15, at station 1,096.26, which the judicial surveyor has marked by a three-quarter inch gas pipe, flush with the sidewalk, with wooden peg in the top, and the line between the properties of the plaintiff and the defendant is hereby fixed accordingly .89 of one foot east of the west face of the west wall of the defendant’s theater building.
 

 “It is further ordered that the cost occasioned by the judicial survey be paid equally by the plaintiff- and defendant and that the plaintiff pay all other costs.”
 

 
 *615
 
 Plaintiff contends that as the court found that defendant’s wall encroached 5 inches east of the west face of the west wall of defendant’s building, that the court erred in not ordering the removal of defendant’s building to that extent. This contention is without merit because the defendant was entitled to 9 inches west of his line on plaintiff’s property subject to the wall being made a party wall. R. C. C. art. 675.
 

 For the reasons assigned by the trial judge, and as thus supplemented by us, we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost: